## NEW YORK COMMON PLEAS.

ROBERT JUSTISON Jr. agt. WM. H. CRAWFORD and T. H. PORTER.

Where, on a question of *fact*, the plaintiff swears one way, and two defendants swear directly the other way, (under the liberal provisions of the Code,) it is a *conflict of evidence* which cannot be reviewed on appeal—the conclusion of the court below on the question, though in favor of the plaintiff, is *final*.

Where the employment of the plaintiff was for a year, at the rate of $700 per annum, an objection by the defendants that the plaintiff could recover nothing until the termination of the year, is of no effect, where it appears that the plaintiff had received *every month* during the time he was in the defendants' employ about the amount he would be entitled to at this rate per month.

*New York General Term, August,* 1863.

Justison agt. Crawford.

DALY, BRADY and HILTON, *Judges.*

APPEAL from judgment of district court in the city of New York.

By the court, DALY, F. J.   This is a case of the conflict of evidence.   The plaintiff swore that one of the partners told him that he would keep the situation open for him.   This was equivalent to granting him permission to leave.   The employment was for a year, at the rate of $700 per annum.   If he left with that understanding and permission, he was entitled upon his return to resume his situation for the residue of the year at the same rate of compensation.   He did return, resumed, as he says, his employment, and did all that there was for him to do, until the 7th of August, when he was discharged.   The defendants deny that they gave him permission to leave and promised to keep the situation open for him.   It was therefore a question of fact for the justice, and his conclusion is final.

When the action was brought, 27th of November, 1861, three months and ten days had elapsed, the rate of compensation for which at $700 per annum was equal at least to the amount which the plaintiff recovered.   It is objected that, as the agreement was for $700 per annum, the plaintiff could recover nothing until the termination of the year, but it is evident from the payments made every month that that was not the understanding of the parties, the plaintiff having received every month about the amount he would be entitled to at this rate per month.

The judgment should be affirmed.